STEVENS, O'CONNELL & JACOBS LLP
GEORGE L. O'CONNELL (SBN 74037)
TODD M. NOONAN (SBN 172962)
400 Capitol Mall, Suite 1400
Sacramento, CA  95814
Telephone: (916) 329-9111
Facsimile:  (916) 329-9110

Attorneys for Defendants
JEFF BALLIET, ALLISON HANSLIK,
ARK ROYAL ASSET MANAGEMENT, LTD.; VESTBIRK CAPITAL MANAGEMENT, LTD.; ARK ROYAL ASSET MANAGEMENT, LLC; ARK DISCOVERY, LLC; ARK ROYAL HOLDINGS, LLC; ARK ROYAL SERVICES, LLC; ARK ROYAL CAPITAL, LLC; ARK ROYAL CAPITAL FUNDING, LLC; ARK ROYAL CAPITAL, INC.; ARK ROYAL RESOURCES, LLC; ARK ROYAL ASSURANCE LLC; ARK ROYAL INVESTMENTS, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MVP ASSET MANAGEMENT (USA) LLC, a Delaware Limited Liability Company,<br><br>             Plaintiffs,<br><br>     v.<br><br>STEVEN VESTBIRK, JEFF BALLIET, ALLISON HANSLIK, JIM GRANAT, ARK ROYAL ASSET MANAGEMENT, LTD., a Bermuda Limited Company, VESTBIRK CAPITAL MANAGEMENT, LTD., a Bermuda Limited Company, ARK ROYAL ASSET MANAGEMENT, LLC, a Nevada Limited-Liability Company, ARK DISCOVERY, LLC, a Business Entity of Unknown Form, ARK ROYAL HOLDINGS, LLC, a Nevada Limited-Liability Company, ARK ROYAL SERVICES, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL FUNDING, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL, INC., a Nevada Corporation, ROYAL CAPITAL FUNDING, LLC, a Nevada Limited-Liability Company, ARK ROYAL RESOURCES LLC, a Nevada Limited-Liability Company, ARK ROYAL ASSURANCE LLC, a Nevada Limited-Liability Company, and ARK ROYAL INVESTMENTS, LLC, a Nevada Limited-Liability Company,<br>             Defendants. | Case No. 2:10-cv-02483-GEB-CMK<br><br>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS<br><br>Date: April 4, 2011<br>Time:  9:00 a.m.<br>Dept:  Courtroom 10<br>Judge: Honorable Garland E. Burrell, Jr. |

Pursuant to Federal Rule of Evidence 201 and the authorities set forth below, Moving Defendants herein request judicial notice of several categories of documents, true and correct copies thereof which are attached hereto and to the Declarations of George O'Connell, Dino Coppola, and Martin Zolnai:

  A. Superseding Indictment, filed on June 3, 2009, in *U.S. v. Petters*, U.S.D.C., D. Minn., Case No. 08-CR-00364, attached hereto and to the Declaration of George O'Connell.

  B. Verdict, filed December 2, 2009, in *U.S. v. Petters*, U.S.D.C., D. Minn., Case No. 08-CR-00364, attached hereto and to the Declaration of George O'Connell.

  C. Judgment in a Criminal Case, filed April 8, 2010, *U.S. v. Petters*, U.S.D.C., D. Minn., Case No. 08-CR-00364, attached hereto and to the Declaration of George O'Connell.

  D. Government's Final Proposed Restitution Order, filed May 26, 2010, *U.S. v. Petters*, U.S.D.C., D. Minn., Case No. 08-CR-00364, attached hereto and to the Declaration of George O'Connell.

  E. Reporter's Transcript, November 10, 2009 Testimony of James Granat, filed May 3, 2010, *U.S. v. Petters*, U.S.D.C., D. Minn., Case No. 08-CR-00364, attached hereto and to the Declaration of George O'Connell.

  F. November 7, 2007 Email between Dino Coppola and Michael Stratford, as referenced in Paragraph 31 of the Complaint, attached hereto and to the Declaration of Dino Coppola.

  G. Ark Discovery Overview, as referenced in Paragraph 33 of the Complaint, attached hereto and to the Declaration of Dino Coppola.

  H. Ark Discovery Fund Presentation, dated May 2008, as referenced in Paragraph 47 of the Complaint, attached hereto and to the Declaration of Dino Coppola.

  I. Confidential Information Memorandum, Ark Discovery (Offshore) Ltd., dated February 2008, as referenced in the documents (Exhibits G and H) quoted in Paragraphs 33 and 47 of the Complaint, attached hereto and to the Declaration of Martin Zolnai.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS
Case No. 210-CV-02483-GEB-CMK

J.     Section 175(1)(c) of the British Virgin Islands Insolvency Act, 2003, attached hereto.

Taking judicial notice of these matters does not convert the motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986); *see also Carter v. Cent. Pac. Mortgage Co.*, 2010 WL 4823689, at *1 (E.D. Cal. Nov. 22, 2010). In ruling on a motion to dismiss, the Court may properly consider exhibits submitted with the complaint, documents with contents that are alleged or relied on in the complaint when their authenticity is not questioned, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002) (court may also rely upon the doctrine of "incorporation by reference" to consider documents "that were referenced extensively in the complaint and were accepted by all parties as authentic."); *Cisneros v. Instant Capital Funding Group, Inc.,* 263 F.R.D. 595, 604 (E.D. Cal. 2009).

Further, the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Coppes v. Wachovia Mortg. Corp.*, 2010 WL 4483817 (E.D. Cal. Nov. 1, 2010).

Judicial notice of such contextual documents prevents a plaintiff from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157-58 (C.D. Cal. 2007); *see also Rosenbaum Capital, LLC v. McNulty*, 549 F. Supp. 2d 1185, 1189-90 (N.D. Cal. 2008) ("Where a plaintiff fails to attach to the

1 complaint the documents upon which the complaint is premised, a defendant may attach such
2 documents in order to show that they do not support the plaintiff's claim.").

3 Accordingly, the Court may take judicial notice of these documents in ruling upon
4 Defendants' Motion to Dismiss.  The documents attached as Exhibits A to E are official court
5 documents obtained directly from the referenced court files through the PACER system.  The
6 Court may take judicial notice of these official court files.  *Reyn's Pasta Bella, LLC v. Visa USA,*
7 *Inc.,* 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of related matters of public
8 record); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1198 (9th Cir. 1988) (a court may
9 consider "matters of general public record"); *Biggs v. Terhune,* 334 F.3d 910, 915 n.3 (9th Cir.
10 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."),
11 *overruled on other grounds, Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010).

12 Included within the court documents as Exhibit E is the November 10, 2009, testimony of
13 James Granat.  Plaintiff makes express reference to and relies upon this testimony in Paragraph
14 62 of the Complaint, wherein Plaintiff purports to summarize the testimony.  Moving Defendants
15 obtained the transcript directly from the Court's file through PACER, and have submitted the
16 portion of the transcript that reflects Mr. Granat's testimony.  Moving defendants do not request
17 that the Court take judicial notice of the truth of Mr. Granat's testimony, but only the fact of the
18 statements he made, particularly in light of Plaintiff's purported summary of them.  Pursuant to
19 the authorities relied upon above, the Court may take judicial notice of the statements made by
20 Mr. Granat as an official court record and in light of Plaintiff's express reference to and reliance
21 upon this testimony in the Complaint.

22 Next, attached as Exhibits F to J are documents whose contents are alleged or relied on in
23 the Complaint, including an email quoted in the Complaint (Ex. F), as well as documentation
24 relied upon by Plaintiff in the Complaint (Exs. G and H).  Pursuant to the authorities cited above,
25 the Court may properly take judicial notice of these documents.  Moving Defendants have also
26 submitted the Confidential Information Memorandum (Ex. I), which is the operative offering
27 document.  This document is expressly referenced in Exhibits G and H, both of which are
28

3

1  documents extensively quoted by and expressly relied upon by Plaintiff in the Complaint.
2  Accordingly, as this is a document upon which Plaintiff's claim depends, and as a document
3  necessary to provide the full context for the statements in Exhibits G and H upon which Plaintiff
4  alleges reliance, judicial notice is appropriate.  *Knievel,* 393 F.3d at 1076.

5  As to the foregoing matters, judicial notice is not sought for the truth of the matters
6  asserted therein, but instead for the fact of the proceedings and the statements made in the
7  documents themselves.

8  Lastly, attached as Exhibit J is a provision of British Virgin Islands law.  The Court may
9  take judicial notice of the laws of a foreign county.  Fed.R.Civ.P. 44.1; *MCA, Inc. v. U.S.*, 685
10 F.2d 1099, 1103 n.12 (9th Cir. 1982); *Eshelman v. Orthoclear Holdings, Inc.,* 2009 WL 506864,
11 at *5 (N.D. Cal. Feb. 27, 2009) (taking judicial notice of British Virgin Islands Business
12 Companies Act of 2004).

13 Accordingly, for the reasons set forth above, Moving Defendants respectfully request that
14 the Court take judicial notice of the documents submitted herewith.

16 Dated:  February 24, 2011            STEVENS, O'CONNELL & JACOBS LLP

18                                      By:____/s/ GEORGE L. O'CONNELL_____
                                              George L. O'Connell
19                                            Attorneys for Defendants

4