STEVENS, O'CONNELL & JACOBS LLP
GEORGE L. O'CONNELL (SBN 74037)
TODD M. NOONAN (SBN 172962)
400 Capitol Mall, Suite 1400
Sacramento, CA  95814
Telephone: (916) 329-9111
Facsimile:  (916) 329-9110

Attorneys for Defendants
JEFF BALLIET, ALLISON HANSLIK,
ARK ROYAL ASSET MANAGEMENT, LTD.; VESTBIRK CAPITAL MANAGEMENT, LTD.; ARK ROYAL ASSET MANAGEMENT, LLC; ARK DISCOVERY, LLC; ARK ROYAL HOLDINGS, LLC; ARK ROYAL SERVICES, LLC; ARK ROYAL CAPITAL, LLC; ARK ROYAL CAPITAL FUNDING, LLC; ARK ROYAL CAPITAL, INC.; ARK ROYAL RESOURCES, LLC; ARK ROYAL ASSURANCE LLC; ARK ROYAL INVESTMENTS, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MVP ASSET MANAGEMENT (USA) LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiffs,<br><br>     v.<br><br>STEVEN VESTBIRK, JEFF BALLIET, ALLISON HANSLIK, JIM GRANAT, ARK ROYAL ASSET MANAGEMENT, LTD., a Bermuda Limited Company, VESTBIRK CAPITAL MANAGEMENT, LTD., a Bermuda Limited Company, ARK ROYAL ASSET MANAGEMENT, LLC, a Nevada Limited-Liability Company, ARK DISCOVERY, LLC, a Business Entity of Unknown Form, ARK ROYAL HOLDINGS, LLC, a Nevada Limited-Liability Company, ARK ROYAL SERVICES, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL FUNDING, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL, INC., a Nevada Corporation, ROYAL CAPITAL FUNDING, LLC, a Nevada Limited-Liability Company, ARK ROYAL RESOURCES LLC, a Nevada Limited-Liability Company, ARK ROYAL ASSURANCE LLC, a Nevada Limited-Liability Company, and ARK ROYAL INVESTMENTS, LLC, a Nevada Limited-Liability Company,<br>                    Defendants. | Case No. 2:10-cv-02483-GEB-CMK<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE<br><br>Date: April 4, 2011<br>Time: 9:00 a.m.<br>Dept: Courtroom 10<br>Judge: Honorable Garland E. Burrell, Jr. |

1      Moving Defendants hereby submit the following Response to Plaintiff's Evidentiary
2  Objections:
3      Plaintiff has objected to this Court taking judicial notice of the Confidential Information
4  Memorandum ("CIM"), which was submitted as Exhibit I to the Defendants' Request for
5  Judicial Notice.  Plaintiff contends that the authenticity and relevance of the CIM have not been
6  established, and that Moving Defendants did not establish that the CIM was provided to Plaintiff
7  or MVP.
8      The CIM is expressly referenced in Exhibits G and H (the Ark Discovery (Offshore) Fact
9  Sheet and Ark Discovery (Offshore) Presentation), both of which are documents extensively
10 quoted by and expressly relied upon by Plaintiff in the Complaint.  Both of those documents also
11 expressly disclaim that they constituted an offer of sale.  RJN, Exs. G & H.  As set forth in the
12 Request for Judicial Notice, as the CIM is necessary to provide the full context for the statements
13 in Exhibits G and H upon which Plaintiff alleges reliance, judicial notice is appropriate. *Knievel*
14 *v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).
15     In addition, and with respect to Plaintiff's contentions concerning authenticity and
16 whether the document was provided to Plaintiff or MVP, Plaintiff appears to be hiding behind
17 the fact that Plaintiff alleges that MVP effected its purchase through a Netherlands bank, Citco
18 Global.  (*See* Complaint, ¶¶ 28, 36, 50.)  Notably, Plaintiff does not deny that it received and
19 reviewed the CIM, or deny that Citco Global executed the CIM.
20     As set forth in Moving Defendants Request for Judicial Notice, judicial notice of
21 contextual documents such as the CIM prevents a plaintiff from opposing a Rule 12(b)(6) motion
22 by deliberately omitting references to documents upon which its claims are based.  *Swartz v.*
23 *KPMG LLP,* 476 F.3d 756, 763 (9th Cir. 2007); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d
24 1148, 1157-58 (C.D. Cal. 2007); *see also Rosenbaum Capital, LLC v. McNulty*, 549 F. Supp. 2d
25 1185, 1189-90 (N.D. Cal. 2008) ("Where a plaintiff fails to attach to the complaint the
26 documents upon which the complaint is premised, a defendant may attach such documents in
27 order to show that they do not support the plaintiff's claim.").
28

1

DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE
Case No. 210-CV-02483-GEB-CMK

1   Accordingly, Moving Defendants submit that judicial notice is appropriate as the
2   document is one referred to or incorporated into the Complaint.  However, Moving Defendants'
3   Motion to Dismiss does not stand or fall on this Court taking judicial notice of the CIM, as each
4   of the asserted grounds for dismissal remains valid based upon Plaintiff's own allegations, even
5   if the Court does not take judicial notice of the CIM.  Moving Defendants do not request the
6   conversion of this motion into one for summary judgment, and, therefore, to the extent that the
7   Court does not grant judicial notice of the CIM, it need not consider that document in ruling on
8   the motion to dismiss.

10  Dated:  March 28, 2011                    STEVENS, O'CONNELL & JACOBS LLP

12                                            By:   /s/ GEORGE L. O'CONNELL
                                                    George L. O'Connell
13                                                  Attorneys for Defendants

2