IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MVP ASSET MANAGEMENT (USA) LLC, a Delaware Limited Liability Company, | ) ) ) ) | 2:10-cv-02483-GEB-CMK |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| STEVEN VESTBIRK, JEFF BALLIET, ALLISON HANSLIK, JIM GRANAT, ARK ROYAL ASSET MANAGEMENT, LTD, a Bermuda Limited Company, VESTBIRK CAPITAL MANAGEMENT, LTD, a Bermuda Limited Company, ARK ROYAL ASSET MANAGEMENT, LLC, a Nevada Limited-Liability Company, ARK DISCOVERY, LLC, a Business Entity of Unknown Form, ARK ROYAL HOLDINGS, LLC, a Nevada Limited-Liability Company, ARK ROYAL SERVICES, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL FUNDING, LLC, a Nevada Limited-Liability Company, ARK ROYAL CAPITAL, INC, a Nevada Corporation, ARK ROYAL RESOURCES, LLC, a Nevada Limited-Liability Company, ARK ROYAL ASSURANCE LLC, a Nevada Limited-Liability Company, and ARK ROYAL INVESTMENTS, LLC, a Nevada Limited-Liability Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. _____ | ) ) | |

1 Certain Defendants move for dismissal of Plaintiff's Complaint
2 under Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(2),
3 12(b)(6), and 12(b)(7). (The caption has been amended according to the
4 order dismissing Defendant Royal Capital Funding, LLC. ) Plaintiff MVP
5 Asset Management (USA) LLC ("MVPAM") opposes the motion. (ECF No. 26.)
6 Since Defendants prevail on their Rule 12(b)(1) argument and the motion
7 will be granted on this ground, the remaining dismissal arguments are
8 disregarded.

9 Defendants argue, *inter alia*, that MVPAM lacks Article III
10 standing to pursue this securities fraud action since MVPAM is "merely
11 [an] investment advisor and attorney in fact" and has not suffered an
12 injury-in-fact. (Mot. 13:5-7, 19-20.)

13 "A suit brought by a plaintiff without Article III standing is
14 not a 'case or controversy,' and an Article III federal court therefore
15 lacks subject matter jurisdiction over the suit. In that event, the suit
16 should be dismissed under Rule 12(b)(1)." Cetacean Community v. Bush,
17 386 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted).

> [T]o satisfy Article III's standing requirements, a plaintiff must show that (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). Plaintiff has the burden of establishing jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.

2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Defendants' Rule 12(b)(1) motion is "a facial attack on . . . subject matter jurisdiction[.]" Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). Therefore, the factual allegations in Plaintiff's Complaint are assumed to be true and all reasonable inferences capable of being drawn therefrom are drawn in Plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). In light of Defendants facial jurisdictional attack, the extrinsic evidence Plaintiff submitted in its opposition brief is disregarded.

MVPAM alleges in its Complaint that it is the investment manager for MVP Fund of Funds Ltd. ("MVP") and in this capacity it has "unrestricted decision making authority to control and act as MVP's attorney-in-fact [concerning] . . . all investments and litigation relating thereto." (Compl. ¶ 3.) MVPAM alleges it invested two million dollars in Ark Discovery Fund (Offshore) Ltd. ("Ark Discovery Fund") on behalf of MVP between February and August 2008. Id. ¶ 24. MVPAM alleges Defendants made false and misleading representations regarding their due diligence in confirming the legitimacy of the Ark Discovery Fund and that "[b]y the end of October 2008, the Ark Discovery Fund was in liquidation . . . [and] Plaintiff . . . lost virtually the entire $2 million it invested in the Ark Discovery Fund." Id. ¶¶ 26, 64. MVPAM seeks rescission of MVP's investment in the Ark Discovery Fund; or, in the alternative, an award of damages in an amount no less than two million dollars plus interest. Id. ¶ 94.

1    Defendants argue MVPAM "lacks constitutional standing because [it] has not suffered an injury-in-fact." (Mot. 13:19-20.) MVPAM counters that MVP "assigned its claims arising out of the investments in Ark Discovery to MVPAM . . . [and, as] an assignee of a claim, . . . MVPAM[] has Article III standing." (Opp'n 9:24-10:1.) However, MVPAM's Complaint does not allege MVP assigned its claims arising out of the investments in Ark Discovery to MVPAM.

MVPAM's "status as both an attorney-in-fact for litigation purposes and an investment advisor with unfettered discretion over its client['s] investment decisions does not confer on [MVPAM] Article III standing to sue in a representative capacity on its client['s] behalf." W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 111 (2d Cir. 2008). Therefore, MVPAM has not established Article III standing and Defendants' motion under Rule 12(b)(1) is GRANTED.

MVPAM is granted ten (10) days from the date on which this order is filed to file a First Amended Complaint. Further, MVPAM is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if MVPAM fails to file an amended Complaint within the prescribed time period.

Dated:  April 14, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

4