```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA


MVP ASSET MANAGEMENT (USA) LLC,   )
a Delaware Limited Liability      )   2:10-cv-02483-GEB-CMK
Company,                          )
                                  )
              Plaintiff,          )   ORDER
                                  )
       v.                         )
                                  )
STEVEN VESTBIRK, JEFFREY BALLIET  )
aka JEFF BALLIET, ALLISON         )
HANSLIK, JAMES GRANAT aka JIM     )
GRANAT, ARK ROYAL ASSET           )
MANAGEMENT, LTD, a Bermuda        )
Limited Company, VESTBIRK         )
CAPITAL MANAGEMENT, LTD, a        )
Bermuda Limited Company, ARK      )
ROYAL ASSET MANAGEMENT, LLC, a    )
Nevada Limited-Liability          )
Company, ARK DISCOVERY, LLC, a    )
Business Entity of Unknown Form,  )
ARK ROYAL HOLDINGS, LLC, a        )
Nevada Limited-Liability          )
Company, ARK ROYAL SERVICES,      )
LLC, a Nevada Limited-Liability   )
Company, ARK ROYAL CAPITAL, LLC,  )
a Texas Limited-Liability         )
Company, ARK ROYAL CAPITAL        )
FUNDING, LLC, a Nevada Limited-   )
Liability Company, ARK ROYAL      )
CAPITAL, INC, a Nevada            )
Corporation, ARK ROYAL            )
RESOURCES, LLC, a Nevada          )
Limited-Liability Company, ARK    )
ROYAL ASSURANCE LLC, a Nevada     )
Limited-Liability Company, and    )
ARK ROYAL INVESTMENTS, LLC, a     )
Nevada Limited-Liability          )
Company, and DOES 1 through 10,   )
inclusive,                        )
                                  )
              Defendants.         )
_____  )
```

Certain Defendants move for dismissal of Plaintiff's First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(1). (ECF No. 56.) Defendants argue, *inter alia*, that Plaintiff MVP Asset Management (USA) LLC ("MVPAM") lacks Article III standing to pursue this securities fraud action since MVPAM "has failed to properly allege its putative standing as an assignee to assert claims purportedly held by MVP." (Mot. to Dismiss under 12(b)(1) ("Mot.") 1:13-14.) MVPAM opposes the motion. (ECF No. 64.)

## I. LEGAL STANDARD

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit. In that event, the suit should be dismissed under Rule 12(b)(1)." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted).

> [T]o satisfy Article III's standing requirements, a plaintiff must show that (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). "The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Plaintiff has the burden of establishing jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations

contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id.

Defendants argue their motion is both a facial and a factual attack on subject matter jurisdiction. (Mot. 5:11-13, 20-22.) Since Defendants prevail on their facial attack arguments, only this portion of the motion is reached. Therefore, the factual allegations in Plaintiff's FAC are assumed to be true, and all reasonable inferences capable of being drawn therefrom are drawn in Plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

## II. ALLEGATIONS IN FAC

MVPAM alleges it is "the investment manager to the MVP Fund of Funds Ltd. ("MVP"), an Investment Company organized and existing under the laws of the British Virgin Islands, <u>with unrestricted decision making authority to control, and act as MVP's attorney-in-fact with respect to, all investments and litigation relating thereto</u>." (FAC ¶ 3 (emphasis added).) MVPAM alleges it "brings this action as assignee pursuant to an assignment by MVP for collection[.]" Id. MVPAM further alleges:

> In February 2009, pursuant to its power of attorney for MVP . . . , MVPAM caused MVP to enter into an agreement with MVPAM under which MVP assigned its claims arising out of and relating to the Ark Discovery Fund ("MVP Claims") to MVPAM for collection in return for MVPAM's agreement to account to MVP for any recovery obtained, net of the cost of prosecuting the MVP Claims. Stratford, as the sole voting shareholder of MVP with the authority to bind MVP, confirmed and approved on

3

```
              behalf of MVP the assignment of the MVP Claims for
              collection to MVPAM. As a result of the assignment,
              MVPAM holds legal title and MVP holds beneficial
              title to the assigned MVP Claims.
Id. ¶ 87.
```

### III. REQUEST FOR JUDICIAL NOTICE

Since MVP is "organized and existing under the laws of the British Virgin Islands," the law of the Brith Virgin Islands applies when interpreting MVP's Articles of Association and corporate actions. (FAC ¶ 3.) Defendants request that the Court take judicial notice of "the law of the British Virgin Islands as set forth in the Declaration of Michael Fay[.]" (Request for Judicial Notice ("RJN") 5:14-17, ECF No. 58; Mot. 26:9-18.) While the Court can take judicial notice of the laws of a foreign country, the Court will not take judicial notice of those laws as interpreted by the declarant. See MCA, Inc. v. U.S., 685 F.2d 1099, 1104 n.12 (9th Cir. 1982) ("Under Federal Rule of Civil Procedure 44.1, when the parties have given written notice of intent to raise an issue of foreign law, a federal court may take judicial notice of the laws of a foreign country."). Therefore, the Court takes judicial notice of the British Virgin Islands Business Companies Act of 2004 ("british Virgin Island law"), "[a]n Act to provide for the incorporation, management and operation of different types of companies, [and] for the relationships between companies and their directors[.]" British Virgin Islands Business Companies Act of 2004, http://www.bvifsc.vg/Legislation Library/tabid/211/DMXModule/626/Default.aspx?EntryId=55 (follow "BVI Business Companies Act, 2004 (with 2005 Amendments)" and view page 13 of pdf document).

### IV. DISCUSSION

Defendants argue, *inter alia*, that "the power of attorney, even as alleged . . . , does not grant MVPAM the authority to transfer

MVP's property, or specifically a chose in action, from MVP to MVPAM[ since] . . . [t]he alleged power of attorney speaks only to control over investments and litigation, not rights to transfer property[.]" (Mot. 9:3-5, 7-8.) MVPAM counters: "[as MVP's] attorney-in-fact, [it] has the power to bind [MVP] to contracts governing investments and litigation[,]" and "the assignment of [MVP's] Ark Discovery claims for collection is a contract relating to the Ark Discovery investments and the related litigation." (Opp'n 4:5-8.) Defendants reply that "such arguments are mere legal conclusions that contradict case law and are inconsistent with the scope of the power of attorney as actually alleged." (Reply 3:22-23.)

MVPAM alleges it has power of attorney "with respect to[] all investments and litigation relating thereto." (FAC ¶ 3.) British Virgin Islands law provides that:

> (1) Subject to its memorandum and articles, a company may, by an instrument in writing appoint a person as its attorney either <u>generally or in relation to a specific matter</u>.
>
> (2) An act of an attorney appointed under subsection (1) in accordance with the instrument under which he was appointed binds the company.

British Virgin Islands Business Companies Act of 2004, page 70, § 106(1)-(2) (emphasis added). MVPAM's alleged power of attorney is not a general power of attorney, it is specific to investments and litigation related to those investments. As alleged, MVPAM's specific power of attorney does not establish that MVPAM has the power to assign MVP's claims.

Defendants further argue the sole voting shareholder's purported ratification does not save the assignment since "this purported shareholder ratification is not premised upon allegations of

5

fact, but instead on conclusions of law that need not be accepted as true." Id. 11:22, 12:10-11. Defendants also argue "this allegation runs contrary to MVP's governing documents as well as the law of the British Virgin Islands[ since] MVP's Articles of Association provide that its business is to be conducted through its Directors, not its shareholders" and "the law of the British Virgin Islands requires a company's business to be conducted through its directors, not its shareholders." Id. 12:13-18.

MVPAM alleges that "Stratford, as the sole voting shareholder of MVP with the authority to bind MVP, confirmed and approved on behalf of MVP the assignment of the MVP Claims for collection to MVPAM." (FAC ¶ 87.) However, this allegation contains factual allegations and a legal conclusion that the sole voting shareholder of MVP has the authority to bind MVP. Only the factual allegations are assumed to be true.

British Virgin Island law provides that:

> (1) The business and affairs of a company shall be managed by, or under the direction or supervision of, the directors of the company.
>
> (2) The directors of a company have all the powers necessary for managing, and for directing and supervising, the business and affairs of the company.
>
> (3) <u>Subsections (1) and (2) are subject to any modifications or limitations in the memorandum or articles</u>.

British Virgin Islands Business Companies Act of 2004, page 70-71, § 109(1)-(3) (emphasis added). Therefore, under British Virgin Islands law, the directors of MVP have the power to manage, direct, and supervise the business and affairs of MVP, unless MVP has modified this general rule in its Articles of Association. MVPAM has not alleged that MVP's Articles of Association modified the general rule as set forth in the Act. Therefore, MVP's directors have the power to confirm MVPAM's

6

assignment of MVP's claims, and the shareholder's confirmation does not bind MVP and make MVPAM's assignment valid. Since MVPAM's allegations are insufficient to allege a valid assignment, MVPAM has not established Article III standing. Therefore, Defendants' motion under Rule 12(b)(1) is GRANTED.

## V. CONCLUSION

MVPAM is granted ten (10) days from the date on which this order is filed to file a Second Amended Complaint addressing the issues raised in this order. Further, MVPAM is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if MVPAM fails to file an amended Complaint within the prescribed time period.

Dated:  September 21, 2011

GARLAND E. BURRELL, JR.
United States District Judge

7