1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                 FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   MVP ASSET MANAGEMENT (USA) LLC,    )
    a Delaware Limited Liability       )   2:10-cv-02483-GEB-CMK
9   Company,                           )
                                       )
10               Plaintiff,            )   ORDER
                                       )
11        v.                           )
                                       )
12  STEVEN VESTBIRK, JEFF BALLIET,     )
    ALLISON HANSLIK, JIM GRANT, ARK    )
13  ROYAL ASSET MANAGEMENT, LTD., a    )
    Bermuda Limited Company,           )
14  VESTBIRK CAPITAL MANAGEMENT,       )
    LTD., a Bermuda Limited Company,   )
15  ARK ROYAL ASSET MANAGEMENT, LLC,   )
    a Nevada Limited-Liability         )
16  Company, ARK DISCOVERY, LLC, a     )
    Business Entity of Unknown Form,   )
17  ARK ROYAL HOLDINGS, LLC, a         )
    Nevada Limited-Liability           )
18  Company, ARK ROYAL SERVICES,       )
    LLC, a Nevada Limited-Liability    )
19  Company, ARK ROYAL CAPITAL, LLC,   )
    a Nevada Limited-Liability         )
20  Company, ARK ROYAL CAPITAL         )
    FUNDING, LLC, a Nevada Limited-    )
21  Liability Company, ARK ROYAL       )
    CAPITAL, INC., a Nevada            )
22  Corporation, ARK ROYAL             )
    RESOURCES, LLC, a Nevada           )
23  Limited-Liability Company, ARK     )
    ROYAL ASSURANCE LLC, a Nevada      )
24  Limited-Liability Company, and     )
    ARK ROYAL INVESTMENTS, LLC, a      )
25  Nevada Limited-Liability           )
    Company,                           )
26                                     )
                 Defendants.           )
27  _____  )

28

1

1       Defendants move for dismissal of Plaintiff's Second Amended

2 Complaint ("SAC") under Federal Rule of Civil Procedure ("Rule")

3 12(b)(1), arguing Plaintiff "did not have Article III standing at the

4 time this action was filed." (Defs.' Mot. to Dismiss Under Rule 12(b)(1)

5 ("Defs.' Mot.") 1:5-6; ECF No. 82.) Defendants also seek dismissal of

6 Plaintiff's SAC under Rules 12(b)(2) and 12(b)(6). (ECF No. 83.)

7 Plaintiff opposes the motions.

8                 **I.  LEGAL STANDARD**

9       "A suit brought by a plaintiff without Article III standing is

10 not a 'case or controversy,' and an Article III federal court therefore

11 lacks subject matter jurisdiction over the suit. In that event, the suit

12 should be dismissed under Rule 12(b)(1)." <u>Cetacean Cmty. v. Bush</u>, 386

13 F.3d 1169, 1174 (9th Cir. 2004) (citation omitted).

14           [T]o satisfy Article III's standing requirements, a
plaintiff must show that (1) it has suffered an
15           "injury in fact" that is (a) concrete and
particularized and (b) actual or imminent, not
16           conjectural or hypothetical; (2) the injury is
fairly traceable to the challenged action of the
17           defendant; and (3) it is likely, as opposed to
merely speculative, that the injury will be
18           redressed by a favorable decision.

19 <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528

20 U.S. 167, 180-81 (2000). Plaintiff has the burden of establishing

21 jurisdiction. <u>See Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377

22 (1994).

23       "A Rule 12(b)(1) jurisdictional attack may be facial or

24 factual." <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir.

25 2004). Defendants argue their 12(b)(1) motion is a facial attack on

26 subject matter jurisdiction. (Defs.' Mot. 7:11.) "In a facial attack,

27 the challenger asserts that the allegations contained in a complaint are

28 insufficient on their face to invoke federal jurisdiction." <u>Safe Air for</u>

_Everyone_, 373 F.3d at 1039. Therefore, the factual allegations in Plaintiff's SAC are assumed to be true, and all reasonable inferences capable of being drawn therefrom are drawn in Plaintiff's favor. _Wolfe v. Strankman_, 392 F.3d 358, 362 (9th Cir. 2004). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." _Ashcroft v. Iqbal_, 129 S. Ct. 1937, 1949 (2009).

## II. ALLEGATIONS IN SAC

Plaintiff MVP Asset Management (USA) LLC ("MVPAM") alleges it is "the investment manager to the MVP Fund of Funds Ltd. ('MVP'), an Investment Company organized and existing under the laws of the British Virgin Islands," and it "brings this action as assignee pursuant to an assignment by MVP for collection[.]" (SAC ¶ 3.) Plaintiff further alleges:

> On or about March 23, 2004, MVP and MVPAM entered into an Investment Management Agreement ("IMA"). Under the IMA, MVP, pursuant to MVP's Memorandum and Articles of Association ("M&A") . . . , delegated to MVPAM a general power of attorney including all powers and discretions to manage the business and affairs of MVP. Under the IMA MVPAM, as attorney in fact for MVP, was and is entitled generally to exercise such powers and discretions as may be necessary in order to perform the duties delegated to it by MVP's directors including, among other things:
>
> (a) [to] manage the investment and reinvestment of the assets of [MVP] with power on behalf of and in the name of [MVP] to purchase, subscribe or otherwise acquire investments and to sell, redeem, exchange, vary or transpose the same;
>
> (b) to . . . purchase (or otherwise acquire), sell (or otherwise dispose of) and invest money and other assets for the account of the Company and effect foreign exchange transactions in connection with any such purchase, acquisition, sale or other disposal;
>
> (c) [to] enter into, make and perform such contracts, agreements and other undertakings as may

3

in the opinion of [MVPAM] be necessary or advisable or incidental to the carrying out of the functions, duties, powers and discretions conferred on it pursuant to [the IMA] and its role as Investment Manager of [MVP.]

In making each of the investments, investment decisions and decisions relating to the investments alleged herein, MVPAM was acting pursuant to its authority to manage the business and affairs of MVP.

Id. (internal quotations omitted). Plaintiff also alleges:

In February 2009, MVPAM, pursuant to authority under the IMA . . . , including its power and discretion to manage MVP's business and affairs, its power and discretion to manage the investment and reinvestment of . . . MVP's assets with power on behalf of and in the name of MVP to sell, redeem, exchange, vary or transpose MVP's investments, its power and discretion to sell (or otherwise dispose of) and invest money and other assets for the account of the Company, and, its power and discretion to enter into, make and perform such contracts, agreements, and other undertakings it deemed necessary or advisable or incidental to the carrying out of the functions, duties, powers and discretions conferred on it pursuant to the IMA to its role as the manager of MVP's business and affairs, and pursuant to its general power of attorney for MVP, caused MVP to enter into an agreement with MVPAM under which MVP assigned its claims arising out of and relating to the Ark Discovery Fund ("MVP Claims") to MVPAM for collection in return for MVPAM's agreement to account to MVP for any recovery obtained, net of the cost of prosecuting the MVP Claims. Stratford, as the sole voting shareholder of MVP, with the authority under the M&A to delegate the management powers of MVP's Board of Directors, confirmed and approved on behalf of MVP the assignment of the MVP Claims for collection to MVPAM. By resolution dated May 27, 2011, . . . MVP's Board of Directors unanimously ratified, confirmed, approved and adopted in all respects the assignment of the MVP Claims for collection to MVPAM. As a result of the assignment, MVPAM holds legal title and MVP holds beneficial title to the assigned MVP Claims.

Id. ¶ 87.

## III.  DISCUSSION

Defendants seek dismissal of Plaintiff's SAC, arguing "the

*facts* that are alleged establish only that there was, at most, a specific power of attorney that was insufficient to provide MVPAM with the authority to assign MVP's claims to itself." (Defs.' Mot. 1:15-17.) Specifically, Defendants argue "the only authority granted was that relevant to management of MVP's investments, and nothing more." Id. 9:4-5. Further, Defendants argue the description of Investment Manager in MVP's Articles of Association, "[t]he person from time to time appointed by the Company to be responsible for the management of the Company's investments[,]" is "consistent with a construction of MVPAM's powers as limited to investment management, and not extending to the assignment of claims[.]" Id. (internal citations omitted).

Plaintiff counters, arguing it alleges that under the IMA, "MVP granted MVPAM the power to act, in MVP's name, to sell or dispose of MVP's assets, including MVP's causes of action, and to enter into contracts, such as assignments, that MVPAM believed are necessary, advisable or incidental to its management of MVP's assets, including MVP's causes of action." (Pl.'s Opp'n 7:17-21.) Specifically, Plaintiff argues MVP "delegated to MVPAM the general powers and discretions necessary to manage the business affairs of MVP and the specific powers necessary to manage MVP's assets and investments." Id. 6:2-4.

The British Virgin Islands Business Companies Act of 2004 ("Business Companies Act") provides:

> (1) Subject to its memorandum and articles, a company may, by an instrument in writing appoint a person as its attorney either <u>generally or in relation to a specific matter</u>.
>
> (2) An act of an attorney appointed under subsection (1) in accordance with the instrument under which he was appointed binds the company.

Business Companies Act § 106(1)-(2) (emphasis added).[1] Here, MVPAM's alleged power of attorney is specific to managing MVP's money and assets and entering into and performing contracts and agreements. Under the Business Companies Act, the term "'asset' includes money, goods, [and] things in action, . . . whether present or future or vested or contingent, arising out of, or incidental to, property." Id. § 2. Therefore, since claims are considered assets under British Virgin Islands law, Plaintiff has sufficiently alleged the specific power of attorney for MVPAM to manage MVP's assets, including causes of action.

Defendants further argue "the assignment as alleged by [Plaintiff] is invalid and unlawful" under British Virgin Island law. (Defs.' Mot. 9:11-12.) Plaintiff rejoins, arguing "California law governs MVP's assignment to pursue claims in California because the assignment was made and is being performed in California." (Pl.'s Opp'n 8:11-12.) Plaintiff also argues, "[u]nder California law, there is no

---

[1]   Defendants request that the Court take judicial notice of the law of the British Virgin Islands as set forth in certain sections of the Business Companies Act and as set forth in the Declaration of James Corbett QC. (Defs.' Amended Request for Judicial Notice ("RJN") 3:7-14; ECF No. 86.) Plaintiff requests that the Court take "judicial notice of the law of the British Virgin Islands as set forth in the . . . Declaration of Arabella di Iorio." (Pl.'s RJN 2:2-3; ECF No. 90.) While the Court can take judicial notice of the laws of a foreign country, the Court will not take judicial notice of those laws as interpreted by the declarant. See MCA, Inc. v. U.S., 685 F.2d 1099, 1104 n.12 (9th Cir. 1982) ("Under [Rule] 44.1, when the parties have given written notice of intent to raise an issue of foreign law, a federal court may take judicial notice of the laws of a foreign country."). Since MVP is "organized and existing under the laws of the British Virgin Islands," the Court takes judicial notice of the Business Companies Act, "[a]n Act to provide for the incorporation, management and operation of different types of companies, [and] for the relationships between companies and their directors[.]" (SAC ¶ 3; British Virgin Islands Business Companies A c t    o f    2 0 0 4 , http://www.bvifsc.vg/LegislationLibrary/tabid/211/DMXModule/626/Defaul t.aspx?EntryId=55 (follow "BVI Business Companies Act, 2004 (with 2005 Amendments)" and view page 13 of pdf document).)

1 | requirement that an assignment be in writing." Id. 9:2 n.5.

2 | "[A]t this stage of the pleading, [Plaintiff] need only show
3 | that the facts alleged, if proved, would confer standing upon [it]."
4 | Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir.
5 | 2003). However, as argued by Defendants in their reply brief, the SAC
6 | "fails to include any allegation demonstrating that California law
7 | should apply to the construction of the purported assignment"; rather,
8 | it is only offered as an argument in Plaintiff's opposition brief.
9 | (Defs.' Reply 14:3-4.) Therefore, the Court cannot assume as true that
10 | the assignment was made and is being performed in California.

11 | Further, "[i]n an action involving an assignment, a court must
12 | ensure that the plaintiff-assignee is the real party in interest with
13 | regard to the particular claim involved by determining: (1) what has
14 | been assigned; and (2) whether a valid assignment has been made." In re
15 | Brooms, 447 B.R. 258, 265 (9th Cir. 2011). However, Plaintiff's bare
16 | allegation that "[i]n February 2009, MVPAM . . . caused MVP to enter
17 | into an agreement with MVPAM under which MVP assigned its claims arising
18 | out of and relating to the Ark Discovery Fund . . . to MVPAM for
19 | collection" is insufficient to determine whether a valid assignment has
20 | been made. (SAC ¶ 87; Cf. In re Brooms, 447 B.R. at 264 (stating the
21 | court "did not err when it ordered Carter to produce documents
22 | reflecting the terms of the assignment between Carter and Jorgenson.").)

23 | ### IV.   CONCLUSION

24 | Therefore, Defendants' 12(b)(1) motion to dismiss each of
25 | Plaintiff's claims for lack of subject matter jurisdiction is GRANTED.
26 | Since all claims against Defendants are dismissed, Defendants' 12(b)(6)
27 | and 12(b)(2) motion to dismiss is DENIED as moot.

28 | Plaintiff is granted ten (10) days from the date on which this

order is filed to file a Third Amended Complaint addressing the issues raised in this order. Further, Plaintiff is notified that this action may be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated:  January 6, 2012

GARLAND E. BURRELL, JR.
United States District Judge